# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:

SAN MARINO NAPLES, LLC,

CASE NO: 8:09-bk-11759-KRM

Debtor.

_____/

## APPLICATION FOR FEES FOR ATTORNEY FOR DEBTOR

COMES NOW, R. JOHN COLE, II, ESQUIRE, of R. JOHN COLE, II, & ASSOCIATES, P.A., legal counsel for the Debtor, who files this Application for Fees and respectfully represents:

1. That on June 6, 2009, by Order of this Court, R. JOHN COLE, II, ESQUIRE, was approved by this Court on an interim basis to act as legal counsel for the Debtor in these Chapter 11 proceedings. A final order was entered approving said representation on July 15, 2009. The undersigned has filed no other application seeking compensation in this matter. This Fee Application seeks fees and expenses for the time period from May 6, 2009 through August 27, 2009, for R. JOHN COLE, II, who is the only attorney for whom fees are sought in this Application.

2. That the Debtor owns improved real property which is operated as a 350 unit apartment complex located in Naples, Florida. This matter is presently scheduled for confirmation on September 24, 2009 at 10:00 a.m. The undersigned anticipates filing a supplement to this application before the case is closed to cover additional time spent.

3. That R. JOHN COLE, II, ESQUIRE has rendered various legal services to the Debtor which are broken down into five major subcategories for purposes of this Application. The major subcategories are: Commencement of Case; General Electric Capital Corporation and Management Company Issues; Disclosure Statement and Plan of Reorganization; Claims Issues and General Administration.

(A)     **Commencement of Case**.  The undersigned first met with the Debtor's manager, N. Berry Taylor on or May 6, 2009. A decision was ultimately made by him to proceed with a Chapter 11 filing, and various contacts were had by phone and in person to prepare the relevant paperwork to file the Chapter 11 Petition. Prior to the filing of the Chapter 11 Petition on June 4, 2009, the undersigned worked preparing the paperwork relating to the filing of the case. The undersigned and his paralegal prepared a skeletal filing in order to avoid a foreclosure sale scheduled during the week of the filing. After filing, the undersigned and his paralegal continued preparing the schedules, statement of financial affairs, and other necessary paperwork. The Debtor elected a skeletal filing as it was facing a foreclosure sale by its first mortgage holder, General Electric Capital Corporation. After the initial filing, work on the case continued and meetings were held with the Debtor's manager to undertake the necessary steps to insure compliance with the requirements placed on Chapter 11 debtors-in-possession.

Additionally, the undersigned prepared an Application to Appoint Counsel. Documents involved in the commencement of the case were prepared and reviewed in order to insure accuracy and detail. On June 22, 2009, the undersigned attended the Initial Debtor Intake conference at the U.S. Trustee's office, and on July 1, 2009, he attended the Section 341 Meeting of Creditors. This meeting was lengthy and involved as the U.S. Trustee and the creditors delved deeply into the structure of the Debtor and its operations. The Debtor's manager attended the 341 meeting, and was questioned concerning the intent of the Debtor and possible issues relating to the proposed resolution of the case. After the meeting of creditors, the undersigned continued his efforts to insure compliance with Code requirements by insuring that the Debtor properly opened its DIP accounts, and prepared any necessary amendments to the Debtor's schedules, including the Petition to confirm the Debtor

had filed a single asset real estate bankruptcy. The undersigned was involved in dealing with the Debtor's secured creditor, General Electric Capital Corporation. He also attended a Status Conference held on June 30, 2009.

| *COMPENSATION SOUGHT:* | | | |
|---|---|---|---|
| *Attorney:* | *Hours spent:* | *Hourly rate:* | *Total sought:* |
| *R. John Cole, II* | 22.9 | *$350.00* | *$8,015.00* |
| *Paralegal* | 10.4 | *$110.00* | *$1,144.00* |
| *COSTS FOR COMMENCEMENT:* | | | |
| *Filing Fees:* *Copies:* $1039.00(main case) *Fax:* | | *Postage:* $23.76 | *Total:* $1,062.76 |

(B) **General Electric Capital Corporation Issues.**

The Debtor's primary creditor in this matter, General Electric Capital Corporation, has of course been very active in the case, and has suggested and urged the Debtor to undertake certain steps to protect its interest. The involvement of GE began early on, and the parties had conference calls and discussions concerning the handling of the Chapter 11 case from the time of its inception. The first major discussion between the parties occurred on June 22, 2009.

The Debtor filed its Emergency Motion for Use of Cash Collateral early in the case seeking the right to use the cash collateral generated by the rents of the apartment complex which are pledged to General Electric under its lending documents. Through substantial negotiations between the attorneys for GE and the Debtor, agreements were reached concerning the use of cash collateral which resulted in both an interim order permitting use, and ultimately a final order permitting the Debtor's continued use of cash collateral throughout the case. As part of the cash collateral agreement, the Debtor agreed to implement the use of an independent management company.

This was done at GE's request as GE believed the Debtor could achieve higher occupancy rates through a management company than it had achieved utilizing its own company, Venetian Companies, LLC. In order to insure that the highest rate of return was achieved for both the Debtor and GE, along with its other creditors, a search was undertaken by the Debtor to select a management company for operating the units. Many candidates were considered by the Debtor, and ultimately, in conjunction with GE, a selection was made.

As a result of the Debtor's agreement with General Electric Capital Corporation concerning the use of its cash collateral, the Debtor agreed to enter into a contract with an independent management company to fully manage the apartment complex operated by the Debtor. The Debtor focused first on interviewing several companies who appeared to be qualified to conduct the management of the facility, and initially had settled on KW Property Management. After drafting a management agreement and otherwise becoming conversant with KW's operations, the information was submitted to GE Capital which refused to permit KW to be selected. Rather, General Electric Capital Corporation insisted that the Debtor consider three management companies that it had previously proposed to it.

As a result of being forced to revisit this issue, the Debtor selected Harbor Group Management Company to operate the Debtor's facility. There were extensive negotiations with Harbor Group concerning the operation of the facility, and this ultimately led to approval by GE Capital Corporation and ultimately the Court of the management agreement entered into by the Debtor and the company after a hearing on the Debtor's Emergency Motion to Approve the Agreement was held. Various modifications were required to this agreement based on objections by the U.S. Trustee, but it has now been executed by all parties and is in effect. Harbor Group Management now operates the Debtor's apartment complex.

| *COMPENSATION SOUGHT:* | | | |
|---|---|---|---|
| *Attorney:* | *Hours spent:* | *Hourly rate:* | *Total sought:* |
| *R. John Cole, II* | *53* | *$350.00* | *$18,551.00* |
| *Paralegal* | *9.6* | *$110.00* | *$1,056.00* |
| *COSTS REGARDING GENERAL ELECTRIC CAPITAL CORP.* | | | |
| *Copies:* | | *Postage:* | *Total:* |
| *50 x $.25 = 12.50* | | *50 x $.42 = 21.00* | *$33.50* |

(C) **Plan and Disclosure Statement**. That in July, 2009, the undersigned began meeting with the Debtor's manager to begin discussions concerning possible scenarios for implementation by the Debtor in its Chapter 11 Plan, and began drafting the Disclosure Statement and Plan of Reorganization for use by the Debtor in this matter in early August. This draft only began after several discussions with the Debtor's manager and his financial advisor, and after various issues

relating to a potential sale or refinancing of the Debtor's real estate could be explored. It was recently finished after several draft copies were produced, and was filed timely with the Court on August 18, 2009. After submission to the Court, an Order Conditionally Approving the Disclosure Statement was entered on August 20, 2009. A combined hearing on the Plan and Disclosure Statement to consider confirmation is scheduled for September 24, 2009. Copies of the confirmation package were mailed to the creditors and parties in interest on August 21, 2009.

| *COMPENSATION SOUGHT:* | | | |
|---|---|---|---|
| *Attorney:* | *Hours spent:* | *Hourly rate:* | *Total sought:* |
| R. John Cole, II | 18.6 | $350.00 | $6,510.00 |
| Paralegal | 5.7 | $110.00 | $627.00 |
| *COSTS REGARDING PLAN AND DISCLOSURE STATEMENT:* | | | |
| *Copies:* 600 @ $.25 = $150.00 | | *Postage:* 50 @ $.61 = $30.50 | *Total:* $180.50 |

(D) **Claims of Creditors**. This section involves various claims of creditors. Claims are being reviewed at this point, and the Debtor anticipates that objections to some claims will be necessary, but is holding back on same pending confirmation of the Chapter 11 Plan.

To date, the undersigned has expended minimal professional time in attempting to resolve claims, other than reviewing them and assisting the Debtor in gathering data needed to determine the validity of filed claims. One claim involving a former employee is being investigated at this point, and will be pursued with the other objections when the Debtor is ready to proceed. The undersigned has not filed objections to any claims at this time. Any objections will be filed within the time

allowed after confirmation.

| COMPENSATION SOUGHT: | | | |
|---|---|---|---|
| *Attorney:* R. John Cole, II | *Hours spent:* 2.1 | *Hourly rate:* $350.00 | Total sought: $735.00 |
| COSTS REGARDING CLAIMS: | | | |
| *Copies:* ———— | | *Postage:* ——— | Total: ——— |

(E) **General Administration**. The undersigned has elected to classify in general administration those items involving general matters necessary to the administration of the estate that cannot easily be categorized in the other subcategories.

During the course of these proceedings, the undersigned has expended significant time in what could best be described as general administrative affairs related to the case. These involved discussions with the Debtor's employees relating to the proper preparation of monthly operating reports, advising regarding Chapter 11 issues, general discussions relating to operating procedures and the requirements placed upon the Debtor and dealing with the United States Trustee's Office. This also includes dealing with the day to day issues involved in the Debtor's business operations. This section includes dealing with general issues arising day to day in the activities of this Chapter 11 Debtor.

Preparation of this Fee Application involved 4.7 hours of professional time. This represents a minimal amount of the total time involved regarding the fees sought for work completed to date.

| COMPENSATION SOUGHT: | | | |
|---|---|---|---|
| *Attorney:* | *Hours spent:* | *Hourly rate:* | *Total sought:* |
| R. John Cole, II | 8.2 | $350.00 | $2,870.00 |
| Paralegal | 3.1 | $110.00 | $341.00 |
| COSTS REGARDING GENERAL ADMINISTRATION: | | | |
| *Copies:* | | *Postage:* | *Total:* |
| 224 @ $.25 = $56.00 | | $44.88 | $100.88 |

The undersigned may need to file a supplemental fee application dealing with future time expenditures prior to closing this case. As such, he will deal with any issues remaining to be handled in this case in the supplement.

4. That during the tenure of R. John Cole, II, Esquire, as counsel for the Debtor, Mr. Cole has spent 104.80 hours at the rate of $350.00 per hour and for his services and his paralegals have spent a total of 28.80 hours at the rate of $110.00 in this case. The sum of $39,849.00 in professional fees and reimbursement of out-of-pocket expenses in the amount of $1,377.64 are requested. Combined fees and expenses incurred to date total $41,226.64. A computer generated statement of the time involved in this matter is attached hereto as Exhibit "A", which includes an itemization of costs. Total credits have been received from the Debtor by R. John Cole, II, Esquire, in the amount of $26,039.00 leaving a balance requested of $15,187.64, as of August 27, 2009. Said retainer was paid by N. Berry Taylor, the Debtor's manager, pre-petition, and no other compensation

of any kind has been paid. That the undersigned anticipates spending additional professional time in this matter at the rate of $350.00 per hour for which additional compensation will be sought by supplement to this application.

5. That the novelty and difficulty of the questions presented, the skill required to perform the legal services properly, and the efficient administration of this estate required an expertise in Bankruptcy Law and business matters beyond that possessed of the ordinary practitioner, and the level of expertise found at the higher levels of the profession. Further, the undersigned was unable to represent any creditor or other party in interest in this matter as a result of his representation of the Debtor herein.

6. That the customary fee for representation of Debtors in Chapter 11 cases involving the amount of assets, debts and legal problems raised in this case is in the range of $275.00 to $475.00 per hour. R. John Cole, II, Esquire, is presently charging and being paid at the rate of $350.00 per hour in the Middle District of Florida.

7. Counsel for the Debtor agreed to represent the Debtor at the rate of $350.00 per hour, and had no professional relationship with the Debtor prior to agreeing to represent it in this matter.

8. The experience, reputation and ability of R. John Cole, II, Esquire, justify an award in the amount requested. The undersigned has practiced bankruptcy law for thirty (30) years, and a major portion of his bankruptcy practice has been in representing Debtors in Chapter 11 cases. Although portions of his practice are in other areas of the law, the major part of his practice is presently devoted to Bankruptcy Law. He is a thirty-four (34) year practitioner at the law. Further, the undersigned is Board Certified in Consumer Bankruptcy Law by the American Board of Certification.

9. The undersigned believes that this matter will result in confirmation of the Debtor's Plan of Reorganization.

10. Awards in similar cases are in the range of the amount requested.

11. That there is no agreement or understanding between counsel and any other person for the sharing of the compensation requested in this Application for Fees.

12. All fees and costs paid thus far have been paid by the Debtor. The instant Application for Fees is filed for this Court's review and approval and to advise the Court as to the amount of fees and pay requested on behalf of the Debtor's attorney.

13. That the statements contained in this Application are correct, and the time involved has been spent by the undersigned in this matter.

WHEREFORE, the Applicant prays that this Honorable Court enter an Order approving his fees and expenses in the requested amount and to determine that the fee charges for the services rendered were reasonable under the circumstances of this particular case.

DATED on this the 3rd day of August, 2009.

R. JOHN COLE, II, & ASSOCIATES, P.A.

_____
R. JOHN COLE, II
46 North Washington Blvd., Suite 24
Sarasota, Florida 34236
(941) 365-4055
(941) 365-4219 (FAX)
RJC@RJCOLELAW.COM
Attorney for Debtor
Florida Bar No. 191346

**SWORN TO** and subscribed before me on this the 31st day of August, 2009.

_____
Notary Public

My Commission Expires: July 17, 2013

_____
Print Name: Courtney J. Aron

Affiant personally known: ✓

Produced ID: ___ Type Produced: ___



COURTNEY J. ARON
MY COMMISSION # DD 906935
EXPIRES: July 17, 2013
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Application for Fees for Attorney for Debtor has been furnished by electronic submission or U.S. Mail on this the 5th day of August, 2009, to the following:

U.S. Trustee's Office
501 E. Polk St., Suite 1200
Tampa, FL 33602

San Marino, LLC
N. Berry Taylor, Manager
771 Commerce Drive
Venice, FL 34292

                                                R. JOHN COLE, II, ESQUIRE

F:\WPF\BANKRUPTCY\SanMarino C11\appfee.doc